Leonard Siegel, Esq. (SBN 064603)
(lsiegel@kgswlaw.com)
David A. Bernardoni, Esq. (SBN 228155)
(dbernardoni@kgswlaw.com)
**KULIK GOTTESMAN SIEGEL & WARE LLP**
15303 Ventura Boulevard, Suite 1400
Sherman Oaks, California 91403
Telephone: (310) 557-9200
Facsimile: (310) 557-0224

Attorneys for Defendant,
Santa Anita Business Park Association
(Erroneously sued as Santa Anita Business Park)

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDEL RODRIGUEZ, an individual,<br><br>Plaintiff,<br><br>v.<br><br>THE PIZZA STORE, a business; GIHON CORPORATION dba THE PIZZA STORE, a California corporation; PATRICIA J. MANZO; SANTA ANITA BUSINESS PARK, a business,<br><br>Defendants. | **CASE NO. 8:17-cv-01249AG(KESx)**<br><br>**ANSWER OF DEFENDANT SANTA ANITA BUSINESS PARK ASSOCIATION TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Complaint filed: July 20, 2017<br>Trial Date: None |

Defendant Santa Anita Business Park Association ("SABPA") responds to plaintiff Fidel Rodriquez's First Amended Complaint ("FAC") and hereby admits, denies and alleges as follows:

## INTRODUCTION

1. SABPA lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's claim regarding his residency, mobility and/or physical disabilities and, therefore, on that basis denies the same.

2. SABPA denies that is the real property owners, business operators, lessors, and/or lessees of, a business now named as THE PIZZA STORE, located at 380 South Main Street, Orange CA 92868.  SABPA lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's claim regarding the remaining allegations and, therefore, on that basis denies the same.

3. SABPA lacks knowledge or information sufficient to form a belief as to the truth or falsity of Plaintiff's joint venture and common enterprise claims and the allegation that Plaintiff does not know the true names of Defendants, their business capacities, their ownership connection to the property and business, or their relative responsibility in causing the access violation and his allegation and, therefore, on that basis denies the same.  Defendant denies it is responsible for the events alleged in the FAC and on that basis denies it is a necessary party to this action.

## JURISDICTION AND VENUE

4. This paragraph characterizes that Plaintiff's claim allegedly arose under the Americans with Disabilities Act of 1990 ("ADA"), which speaks for itself, and no response is required. SABPA admits that this Court has statutory jurisdiction under 28 U.S.C. § 1331.

5. SABPA acknowledges that Plaintiff also seeks to invoke jurisdiction of this court for claims allegedly arising under the California's Unruh Civil rights Act and the California Disabled Persons Act.  SABPA admits only that Plaintiff seeks

the relief set forth thereon. SABPA asserts that jurisdiction over Plaintiff's state law claims is improper and that this Court should dismiss such state law claims from the action.

6. SABPA admits that venue is proper in this court.

## FACTUAL ALLEGATIONS

7. SABPA is without specific knowledge to determine whether the allegations contained in paragraph 7 are accurate and therefore denies the same.

8. Denies.

9. SABPA is without specific knowledge to determine whether the allegations contained in paragraph 9 are accurate and therefore denies the same.

## FIRST CAUSE OF ACTION
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT OF 1990

10. SABPA reincorporates the responses contained in paragraphs 1 through 9 above.

11. SABPA denies that it owns, operates, leases from or leases to a place of public accommodation commonly known as THE PIZZA STORE. This remaining allegations in this paragraph describes ADA 42 U.S.C. §§ 12182 and 12183, and 28 C.F.R., Part 36, Appendix "D," which speak for themselves, and no response is required.

12. SABPA denies that it owns, operates, leases from or leases to a place of public accommodation. This remaining allegations in this paragraph This paragraph describes the 1991 Standards §§ 4.3.2 and 4.3.8, and 2010 Standards §303.4, which speak for themselves, and no response is required.

## SECOND CAUSE OF ACTION
## VIOLATION OF THE UNRUH CIVIL RIGHTS ACT

13. SABPA reincorporates the responses contained in paragraphs 1 through 12 above.

14.  This paragraph describes Civ. Code §§ 51(f) and 52(a), which speak for themselves, and contains Plaintiff's legal conclusions, neither of which requires a response.

15.  SABPA is without specific knowledge to determine whether the allegations contained in paragraph 15 are accurate and therefore denies the same. To the extent this paragraph contains a description of Civ. Code §55.56(a)-(c) and Plaintiff's legal conclusions, no response is required.

## THIRD CAUSE OF ACTION
## VIOLATION OF THE CALIFORNIA DISABLED PERSONS ACT

16.  SABPA reincorporates the responses contained in paragraphs 1 through 15 above.

17.  This paragraph describes Civ. Code §§ 51(f), 52(a) and 54.1(d), which speak for themselves, and contains Plaintiff's legal conclusions, none of which requires a response.

18.  SABPA is without specific knowledge to determine whether the allegations contained in paragraph 18 are accurate and therefore denies the same. To the extent this paragraph contains a description of Civ. Code §55.56(a)-(c) and Plaintiff's legal conclusions, no response is required.

## FOURTH CAUSE OF ACTION
## GENERAL NEGLIGENCE

19.  SABPA reincorporates the responses contained in paragraphs 1 through 18 above.

20.  This paragraph contains Plaintiff's legal conclusions, none of which requires a response.

## PRAYER

1. SABPA denies the allegations contained in paragraph 1 of the Prayer for relief.

2. SABPA denies the allegations contained in paragraph 2 of the Prayer for relief.

3. SABPA denies the allegations contained in paragraph 3 of the Prayer for relief.

4. SABPA denies the allegations contained in paragraph 4 of the Prayer for relief.

5. SABPA denies the allegations contained in paragraph 5 of the Prayer for relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiff's FAC, and each cause of action contained therein, fails to state facts sufficient to constitute a valid claim against SABPA.

### SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

Plaintiff's FAC, and each cause of action contained therein, is barred by the statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

(Undue Burden)

Plaintiff's FAC, and each cause of action contained therein, is barred from recovery, in whole or in part, because no modifications are required to the extent they are not readily achievable, are unreasonable, would create an undue burden, would fundamentally alter the nature of the public accommodations or services, or are not technically feasible.

## FOURTH AFFIRMATIVE DEFENSE

(Legitimate Safety Requirements)

Plaintiff's FAC, and each cause of action contained therein, is barred from recovery, in whole or in part, because no modifications are required to the extent they would interfere with legitimate safety requirements necessary for the safe operation of the public accommodations.

## FIFTH AFFIRMATIVE DEFENSE

(Lack of Standing)

Plaintiff lacks standing to bring this FAC.

## SIXTH AFFIRMATIVE DEFENSE

(Good Faith)

SABPA has made good faith efforts to comply with Title III of the Americans with Disabilities Act and the relevant provisions of the California Civil and Health & Safety Codes, Unruh Civil Rights Act and California Disabled Persons Act.

## SEVENTH AFFIRMATIVE DEFENSE

(Mootness)

Plaintiff's claims are moot to the extent that the alleged violations contained in the FAC have been, or will be, cured prior to any final determination in this action.

## EIGHTH AFFIRMATIVE DEFENSE

(Estoppel)

Plaintiff's claims are barred by estoppel as Plaintiff failed to request any adaptations, modifications, alternative services, or other changes to any part of the facilities at issue in this action prior to filing this action.

{00328890}                                           5
ANSWER TO FIRST AMENDED COMPLAINT          CASE NO.  CV 15-01558 SJO (FFMX)

## NINTH AFFIRMATIVE DEFENSE

(Reasonable Modifications)

SABPA has made reasonable modifications in policies, practices or procedures when such modifications are necessary to afford goods, services, facilities, privileges, advantages or accommodations to disabled individuals.

## TENTH AFFIRMATIVE DEFENSE

(Removal Not Readily Achievable)

SABPA has removed architectural barriers and communication barriers that are structural in nature in its facilities when such removal has been readily achievable.

## ELEVENTH AFFIRMATIVE DEFENSE

(Alternative Accommodations)

If barrier removal is not readily achievable, SABPA has made its goods and/or services available through alternative methods.

## TWELFTH AFFIRMATIVE DEFENSE

(Conduct of Third Parties)

Although SABPA denies Plaintiff has been damaged in any way, if it should be determined that Plaintiff has been damages, then SABPA alleges upon information and belief the proximate cause of such damage was the conduct of Plaintiff or others for which SABPA was not, and is not, responsible.

## THIRTEENTH AFFIRMATIVE DEFENSE

(Equivalent Facilitation)

SABPA alleges, at all times relevant to the FAC, SABPA made available to Plaintiff, as well as other similarly disabled individuals, equivalent facilitation which provided full and equal access to the property.

## FOURTEENTH AFFIRMATIVE DEFENSE

(No Denial of Full and Equal Access)

SABPA alleges Plaintiff's recovery in this action is barred because SABPA's alleged acts and/or omissions did not actually constitute a denial to physically-disabled persons of full and equal access to the property.

## FIFTEENTH AFFIRMATIVE DEFENSE

(Legitimate Business Purpose)

SABPA alleges Plaintiff's recovery in this action is barred because SABPA's acts or omissions, as alleged in the FAC, to the extent SABPA committed any acts or omissions at all, were done in good faith pursuant to reasonable business justifications, and were based on all governmental approvals, and did not constitute intentional acts or omissions resulting in any discrimination against disabled persons or anyone else.

## SIXTEENTH AFFIRMATIVE DEFENSE

(Plaintiff's Bad Faith)

SABPA asserts Plaintiff filed this action against SABPA for the primary purpose of extracting payment over technical, or non-existent, ADA violations which have no discriminatory impact on Plaintiff or the disabled community.

## SEVENTEENTH AFFIRMATIVE DEFENSE

(*De Minimis* Deviations)

SABPA alleges Plaintiff's FAC as a whole, and the claims for relief contained therein, fails to state a claim for relief as the alleged accessibility violations constitute *de minimis* deviations from state and federal access laws, codes, regulations or guidelines or construction tolerances.

## EIGHTEENTH AFFIRMATIVE DEFENSE

(Reasonable Portion of Facility Accessible)

SABPA is informed and believe and thereon allege that the property does not violate any law, regulation or provision alleged in Plaintiff's FAC by reason that a reasonable portion of the facility and accommodations normally sought and used by the public are accessible to and useable by, persons with disabilities.

## NINETEENTH AFFIRMATIVE DEFENSE

(ADAAG Compliance)

SABPA is informed and believes and thereon alleges, insofar as portions of the property may have been altered during any relevant time period, such alterations, if any, are reasonably accessible to and usable by individuals with disabilities in accordance with the Americans with Disabilities Act Accessibility Guidelines, Appendix "A" to 28 Code of Federal Regulations, Part 36, revised as of July 1, 1994 ("ADAAG"), California Health & Safety Code and California Building Standards Code, to the maximum extent feasible, and is therefore in compliance with applicable state and federal law.

## TWENTIETH AFFIRMATIVE DEFENSE

(Additional Affirmative Defenses)

SABPA alleges it cannot fully anticipate all affirmative defenses that may be applicable to this action at this time. Further, SABPA's defenses will depend heavily on SABPA expert's assessment. Accordingly, SABPA has insufficient knowledge or information upon which to form a belief whether it has additional, as yet, unstated, affirmative defenses, and, therefore, reserves the right to assert additional defenses in the event that any additional affirmative defenses are appropriate.

WHEREFORE, SABPA prays as follows:

1. That Plaintiff takes nothing by this action;

2. That judgment be entered in favor of SABPA;

3. For costs of suit and for attorneys' fees incurred; and

4. For such other and further relief as the Court deems just and proper.

Dated:  September 20, 2017     KULIK GOTTESMAN SIEGEL & WARE LLP

By /s/ *David A. Bernardoni*
    David A. Bernardoni, Esq.
    Attorneys for Defendant,
    Santa Anita Business Park Association